THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK LOAN AND IMPROVEMENT COMPANY, Appellant, *v.* JAMES A. ROBERTS, Comptroller of the State of New York, Respondent.

1. CORPORATION FRANCHISE TAX — STATUTE OF LIMITATIONS. The six years Statute of Limitations (Code Civ. Pro. § 382) runs against an action for the collection of a corporation franchise tax under the Corporation Tax Law (L. 1880, ch. 542, as amended), from the accruing of the liability for the annual tax, on the fifteenth day of January in each year, notwithstanding the additional remedy of collection by warrant afforded by the amendment of 1885 (Ch. 501); and the two years statute (Code, § 384) applies to an action for penalties for non-payment of the tax.

2. REVISION OF COMPTROLLER'S ACCOUNT — TAXES UNCOLLECTIBLE BY REASON OF STATUTE OF LIMITATIONS. When, on an application to the comptroller to revise an account stated by him for franchise taxes under

the act of 1880 (Ch. 542) as amended, it is made to appear that the account includes taxes, the liability for which accrued more than six years before the assessment, and penalties, the liability for which accrued more than two years before the assessment, which taxes and penalties would therefore, by operation of the Statute of Limitations, be unenforceable by action, he must resettle the account by striking off such uncollectible taxes and penalties.

*People ex rel. N. Y. L. & I. Co.* v. *Roberts,* 22 App. Div. 630, reversed.

(Argued October 3, 1898 ; decided October 25, 1898.)

Appeal from an order and a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 17, 1898, confirming, on certiorari, a decision of the comptroller of the state of New York in assessing certain taxes upon the relator, under the Corporation Tax Law (L. 1880, ch. 542, as amended).

The facts, so far as material, are stated in the opinion.

*Sherman Evarts* for appellant.   The Statute of Limitations would have been a complete bar to a suit brought in November, 1894, for the collection of the taxes imposed for the years ending November 1, 1886, and November 1, 1887, and as the statute of 1880 was originally enacted a tax could not be fixed by the comptroller after the Statute of Limitations had run. (Code Civ. Pro. §§ 380, 382, 384, 389 ; *People* v. *S. V. H. G. Co.,* 92 N. Y. 383 ; *Matter of Babcock,* 115 N. Y. 450 ; *Rundell* v. *Lakey,* 40 N. Y. 513 ; *State* v. *Y. J. S. M. Co.,* 14 Nev. 220 ; *San Francisco* v. *Jones,* 20 Fed. Rep. 188 ; *State* v. *County of Kings,* 125 N. Y. 312.)   It was not the intention by the amendment to the act (L. 1885, ch. 501) giving the additional remedy by warrant to enlarge the time within which the tax could lawfully be fixed.   (*San Francisco* v. *Jones,* 20 Fed. Rep. 188 ; *Dieffenbach* v. *Roch,* 112 N. Y. 621 ; *Davidson* v. *Horn,* 47 Hun, 51 ; *Waltermire* v. *Westover,* 14 N. Y. 16 ; *Hann* v. *Culver,* 73 Hun, 109 ; *Butler* v. *Johnson,* 111 N. Y. 204 ; *Roberts* v. *Ely,* 113 N. Y. 128.)

*Theodore E. Hancock* for respondent.   The claims of the state against this corporation for unpaid taxes are not barred

72 . People ex rel. N. Y. L. & I. Co. *v.* Roberts. [Oct.,

Opinion of the Court, per Gray, J. [Vol. 157.

by any of the Statutes of Limitations. (Code Civ. Pro. §§ 1, 2, 3, 414, 3333, 3334; *Matter of Dodd*, 27 N. Y. 632, 633; *People ex rel. v. Heath*, 20 How. Pr. 307; *Matter of Board of Charities*, 76 Hun, 74; 6 Angell on Lim. §§ 1, 36; *People v. Gilbert*, 18 Johns. 227, 228; *U. S. v. White*, 2 Hill, 59; *People v. Herkimer*, 4 Cow. 345; *In re Receivership of Col. Ins. Co.*, 3 Keyes, 123; *People ex rel. v. Campbell*, 88 Hun, 527; *People ex rel. v. Wemple*, 133 N. Y. 617; *State v. Seaboard & R. R. Co.*, 52 Fed. Rep. 450.) The fact that the predecessors of the present comptroller omitted or neglected to impose a tax upon this corporation for some of the years under consideration cannot be urged as a bar or defense to the proceedings of Comptroller Roberts in imposing a corporation tax. (*V. S. & P. R. R. Co. v. Dennis*, 116 U. S. 665.) The relator is a corporation organized under the laws of the state of New York and bound to pay a franchise tax in accordance with the provisions of the New York Corporation Tax Laws. (*People ex rel. v. Wemple*, 129 N. Y. 558; *People ex rel. v. Roberts*, 152 N. Y. 62.) The value of the capital stock of this corporation as fixed by the comptroller, and the amount of tax imposed, were not excessive, and it is the settled rule that the determination of the comptroller upon these questions must stand unless it is clearly shown to have been erroneous. (*People ex rel. v. Wemple*, 129 N. Y. 558; *People ex rel. v. Wemple*, 131 N. Y. 64; *People ex rel. v. Wemple*, 138 N. Y. 1; *People ex rel. v. Wemple*, 150 N. Y. 46; *People v. Campbell*, 88 Hun, 544; *People ex rel. v. Wemple*, 138 N. Y. 582; *People ex rel. v. Roberts*, 90 Hun, 537; *Sherrill v. Hewitt*, 36 N. Y. S. R. 321.)

Gray, J. The relator is a domestic business corporation. In November, 1894, the comptroller of the state, pursuant to the provisions of the Corporation Tax Law, appraised the value of its capital stock and stated a tax thereon for the nine years ending November 1st, 1895, not including the year ending November 1st, 1893. Thereupon, the relator made application to the comptroller for a revision and readjustment of

the account of taxes for which it was assessed ; but, upon the rehearing, which was thereupon had, the comptroller determined adversely to the application. This determination of the comptroller was brought under review by writ of certiorari before the Appellate Division of the third department, where it was affirmed.

Upon this appeal, which was taken by the relator from the order of affirmance, the contention of the appellant is limited to the question of whether, within the provisions of the Corporation Tax Law, the Statute of Limitations may not operate upon the comptroller in assessing taxes for past years and penalties for non-payment. On its behalf, it is argued that, as the Statute of Limitations would have been a complete bar. to a suit brought by the comptroller for the collection of the taxes imposed for the two years ending November 1st, 1886, and November 1st, 1887, and for penalties for the six years ending November 1st, 1891, the assessment made included taxes and penalties which could not have been lawfully demanded.

By the provisions of the Tax Law, (Sec. 195), upon an application to the comptroller for the revision and readjustment of an account of taxes, if it is made to appear " that any such account included taxes, or other charges, which could not have been lawfully demanded, * * * he shall resettle the same according to law and the facts, and charge or credit, as the case may require, the difference, if any, resulting from such revision or resettlement," etc. Turning to the Code of Civil Procedure, we find that it provides that certain actions must be commenced within certain periods after the cause of action has accrued. When the action is to recover upon a liability created by statute, the period of limitation is placed at six years, and where the action is to recover a penalty to the People of the state it is two years. It, also, provides that the limitations so prescribed " apply alike to actions brought in the name of the People of the state, or for their benefit, and to actions by private persons." (Secs. 380, 382, 384, 389.) Now as the Corporation Tax Law stood, prior to its amendment in 1885, the remedy for the collection of a

tax upon the capital stock of a corporation was by suit brought by the attorney-general at the instance of the comptroller. In the year 1885, by amendment, the comptroller was given the right, in addition to such an action, to issue a warrant directed to the sheriff for the collection of the tax. So that, in the present condition of the law, the comptroller has two remedies to enforce the payment of the tax which he has assessed.

The important question to be determined is whether the Statute of Limitations is to be given any effect, when the comptroller's assessment is objected to, by way of an application to him for revision and readjustment of the accounts under the Tax Law. Inasmuch as the limitations prescribed by the Code are expressly made applicable to actions brought in the name of the People, or for their benefit, we are not embarrassed by considerations of any immunity of the state from Statutes of Limitations. If the limitations prescribed by the Code so operated upon the claim of the state for the taxes in question, that the comptroller could not have maintained an action to enforce it, was it not his duty to have resettled the account accordingly, upon the application made to him by the relator? If it included taxes which could not have been recovered for in an action, can it fairly be said that they were the subject of a lawful demand? Is this not true, upon the consideration of the provisions of the act in question? The tax which is imposed upon every corporation is made a liability, the amount of which is fixed by its condition at the close of the business on October 31st of the year and which is made due and payable into the state treasury on or before the 15th day of January in each year. (Tax Law 1896, secs. 189, 194.) At the latter date, the corporation has incurred an obligation to the state, which the comptroller, if nothing in the nature of legal proceedings has occurred to delay him, may enforce by action or warrant. As an officer of the state, charged with the duty to assess and to collect a tax which remains unpaid, he is given very extensive and summary powers in that respect. Is there any reason, in the event of a neglect on his part to perform the duty with which he is charged, that the state should not

suffer to the extent that that neglect may subject the claim to the bar of the statute ?    Although the corporation has a duty to perform in making a report of its condition, upon which the comptroller is to act in assessing the tax to be paid, its failure to do so devolves upon that officer the duty, and he is fully empowered, to examine into its affairs and, thereupon, to make the proper assessment (Sec. 192).    It is his duty to take action upon the corporation's obligation.    The corporation was under a statutory liability and if the comptroller does not take the steps to fix the amount of the tax and to demand its payment, until after the lapse of time which would constitute a bar to a recovery by action, can it be said that it could be "lawfully demanded ?"    That is the requirement of the statute and if the condition cannot be met, how is the comptroller warranted in refusing to resettle an account of taxes, when, as to all or some, the bar of the statute has fallen against their collection ? It must be borne in mind that the statute is peculiar in its provisions.    The tax, which is imposed upon a corporation, is not made a lien upon its property ; but constitutes an obligation, for the enforcement of which remedies are prescribed, which the comptroller of the state may avail himself of.    As an obligation, it should be regarded in the same light as are the obligations of individuals, in view of the general operation of the Statute of Limitations, and, if not enforceable at law, as in the case of an individual obligation, then it may not be "lawfully demanded," within the just meaning of the Corporation Tax Law.    There is no reason why the "Statute of Repose" should not be given its full and beneficent effect, when the state is a claimant, under the provisions of the act, as fully as in the case of private persons.

When the comptroller of the state was applied to for a revision and readjustment of the account of taxes rendered to the relator, he was confronted with the fact that, as to two of the earlier years in the account, no action could have been maintained for their recovery, by reason of the bar of the statute and, therefore, that they could not be lawfully demanded.    That is to say, there existed a legal defense to the

enforcement by him of the taxes assessed for periods more
than six years prior to his official action. It cannot well be
maintained, and I do not understand that it is argued on
behalf of the comptroller, if the bar of the statute operated to
defeat an action, that, by giving the additional remedy by war-
rant, the time was enlarged within which a tax could be law-
fully assessed. This additional remedy was given in 1885 and
nothing in the amended law tends to show that it was the
intention of the legislature, thereby, to extend the comptroller's
time to fix a tax and to leave that time absolutely unlimited.
The statute continues to contain the provision for the bring-
ing of an action by the attorney-general at the instance of the
comptroller, to recover the amount of any account, and it
seems to me clear, where two remedies are given for the
enforcement of a party's rights, the one by action and the
other by a summary method, that the latter cannot be avail-
able if an action is barred by statute. No reason appears for
inferring from the additional remedy given by warrant an
intention to extend the time of the comptroller to assess the
tax. The effect of the amendment was, simply, to afford a
summary remedy of collection by the comptroller, not to
extend his time to act.

However this question is looked at, it seems to me, as long
as the Statute of Limitations is made expressly applicable to
the state, as well as to private suitors, that it cannot be within
the power of the comptroller to fix a tax, to the collection of
which a legal defense exists under the Statute of Limitations.
That cannot be made the subject of a lawful demand, which
is incapable of enforcement by the remedy provided and that
test seems to give point and applicability to section 195 of the
Tax Law, governing the proceedings for revision.

On behalf of the comptroller, it is argued that the Statute
of Limitations does not apply; because the statute, authorizing
the comptroller to state an account for taxes due the state and
to entertain an application for the revision and adjustment of
the account, does not bring such proceedings within the cate-
gory of actions, or special proceedings, under the Code of

Civil Procedure. But that does not meet the point of the contention ; which is whether it is not made the duty of the comptroller, having stated an account of taxes, in which were included some, the liability for which accrued more than six years before, and which, therefore, would be unenforceable by action, by operation of the Statute of Limitations, upon an application for a revision, when the inability to enforce such taxes is made to appear, to resettle his account " according to law and the facts," by striking off the uncollectible taxes and giving credit to the corporation for the difference, as the statute provides shall be done. The effect of the Statute of Limitations, which is sought to be given here, is not that it operated as a bar to the proceedings of the comptroller for the statement of the account of taxes, or upon the application for revision and readjustment ; but that it constituted such a legal defense to the recovery of certain of the taxes claimed to be due, as made them no longer the subject of a lawful demand, when the objection was taken. The construction, which I think should be given to the Corporation Tax Law, accords with a reasonable and just view of the relative duties and obligations of the state and of corporations formed under its laws. To hold that the time is absolutely unlimited, within which the state officer can assess a corporation for taxes, would be harsh and quite without the spirit and the letter of the law. A corporation, which, whether for some apparently satisfactory reason, or not, has remained in the past unassessed, may be intolerably harassed by future claims, without other reason than under some new view of its obligation.

It results from the views which have been expressed that it was equally incompetent for the comptroller to assess penalties for more than two years prior to the date of the assessment, when a recovery of the same could not be had by action.

I think that the order and judgment of the court below and the determination of the comptroller should be reversed and that it should be remitted to the comptroller to readjust the account of taxes and penalties, in accordance with the principle of our decision.

All concur, except BARTLETT, MARTIN and VANN, JJ., who dissent upon the ground that, assuming the Statute of Limitations applies to this proceeding, it does not begin to run against the state until the tax is due, and the remedy to proceed by action or warrant is complete.

Judgment and order reversed, etc.