(117 App. Div. 796)

In re STRANG.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

1. TAXATION—INHERITANCE TAX—COLLECTION.

Laws 1887, p. 921, c. 713 (Taxable Transfer Act), amending Laws 1885, p. 820, c. 483, provides in section 1 that all administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid as directed. Section 2 provides that the tax prescribed by the act shall be immediately due and payable to the treasurer of the proper county, and together with the interest thereon shall be and remain a lien on said property until the same is paid. Section 9 (page 923) declares that it shall be the duty of executors, administrators, or trustees of an estate to report to the treasurer or comptroller of a county that they have the estate in their possession, and that it is subject to tax. Code Civ. Proc. § 382, subd. 2, fixes a limitation of six years upon an action to recover a liability created by statute. Laws 1899, p. 1582, c. 737, provides that "the provisions of the Code of Civil Procedure, relative to the limitation of time of enforcing a civil remedy, shall not apply to any" procedure as to appraisal or "collection of any tax or penalty prescribed by articles 9 or 10 of said chapter [chapter 908, pp. 854–881 of the Laws of 1896, covering this question], and this act shall be construed as having been in effect as of the date of the original enactment * * * of the inheritance tax law, provided, however, that, as to real estate in the hands of bona fide purchasers, the transfer tax shall be presumed to be paid, and cease to be a lien * * * after * * * six years from date of accrual." Held, that proceedings as against executors, administrators, trustees, or beneficiaries under Laws 1887, p. 921, c. 713, amending Laws 1885, p. 820, c. 483, were relieved from the bar of Code Civ. Proc. § 382, subd. 2, if such bar existed, by Laws 1899, p. 1582, c. 737.

2. SAME.

Laws 1887, p. 921, c. 713 (Taxable Transfer Act), amending Laws 1885, p. 820, c. 483, in section 1 provides that all administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid as directed. Section 2 provides that the tax prescribed by the act shall be immediately due and payable to the treasurer of the proper county and together with the interest thereon shall be and remain a lien on the property until the same is paid. Section 9 (page 923) declares that it shall be the duty of executors, administrators or trustees of an estate to report to the treasurer or comptroller of the county within six months of assuming office that they have the estate in their possession and that it is subject to tax. Code Civ. Proc. § 382, subd. 2, fixes a limitation of six years upon an action to recover a liability created by statute. Held, that if Code Civ. Proc. § 382, subd. 2, were a bar to proceedings under Laws 1887, p. 921, c. 713, amending Laws 1885, p. 820, c. 483, yet the bar might be removed and the repeal relate back to the original

act assessing the tax, since that act declaring the lien vested rights could not be acquired in property independent of such lien.

Appeal from Surrogate's Court, Westchester County.

Proceedings to appraise, assess, determine, and fix the amount of a transfer tax on the estate of Abram R. Strang, deceased. Appeal from an order of the Surrogate's Court, reversing an order fixing the transfer tax. Order appealed from reversed, and prior order affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Frank M. Buck, for appellant.

Eben A. Wood and Walter H. Dodd, for respondents.

WOODWARD, J. Abram R. Strang, a resident of Westchester county, died in January, 1888, leaving a last will and testament, disposing of real estate and personal property of the aggregate value of $21,832.50. The property was disposed of in such a manner as to bring it within the terms of chapter 713, p. 921, of the Laws of 1887, amending chapter 483, p. 820, of the Laws of 1885, and a tax of $517.15 was levied and assessed under the provisions of section 2 of the act cited, which provides that:

"The tax prescribed by this act shall be immediately due and payable to the treasurer of the proper county, * * * and, together with the interest thereon, shall be and remain a lien on said property until the same is paid."

Section 1 of the same act provides likewise that:

"All administrators, executors and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed."

Section 9 (page 923) of the act provides that it shall be the duty of executors, administrators, or trustees of an estate within the terms of the act to report in writing to the treasurer or comptroller of the county within six months of assuming office, so that the provision for holding such administrators, executors, or trustees liable for the tax is in the nature of a penalty for not discharging a duty demanded of them by the law. The beneficiaries under the will appealed from the order of the surrogate, fixing the transfer tax, and upon a hearing of the appeal the learned surrogate reversed the order, and appeal comes to this court from the order of reversal.

The principal contention of the various respondents is that while the estate was originally subject to the transfer tax, this right has been lost to the state through the operation of subdivision 2 of section 382 of the Code of Civil Procedure, which fixes a limitation of six years upon an action to recover upon a liability created by statute. It may well be urged that the proceeding now before the court, which is to appraise, assess, determine, and fix the amount of the transfer tax, is not an action to recover upon a liability created by statute, and that the statute of limitations goes merely to the remedy. But, as it may be assumed that this is a preliminary step in the proceeding to collect such tax, we may pass this over, and assume that, if the remedy is barred, the proceedings preliminary to the action fall with it, and we will discuss the question of the bar of the statute.

The respondents rely very largely upon the case of People ex rel.
N. Y. L. & I. Co. v. Roberts, 157 N. Y. 70, 51 N. E. 437, but the
court in that case has pointed out a very significant distinction between
the corporation tax law and the taxable transfer act. At page 75 of
157 N. Y., page 438 of 51 N. E., the court say:

"The tax, which is imposed upon a corporation, is not made a lien upon its
property; but constitutes an obligation, for the enforcement of which remedies
are prescribed, which the comptroller of the state may avail himself of. As an
obligation, it should be regarded in the same light as are the obligations of
individuals, in view of the general operation of the statute of limitations," etc.

Under the taxable transfer act the tax is made a lien upon the prop-
erty, "to remain until the same is paid," and it may be fairly questioned
if a statute of limitations could be construed to bar an action or pro-
ceeding to foreclose a lien which is to continue until the tax is paid.
However, if it be assumed that the statute would operate to bar any
proceeding to collect this tax, which has not been collected because
of the neglect of the executors to discharge the duty imposed upon
them by law, we are of opinion that the Legislature has removed such
bar. Chapter 737, p. 1582, of the Laws of 1899, provides that:

"The provisions of the Code of Civil Procedure, relative to the limitation
of time of enforcing a civil remedy, shall not apply to any proceeding or ac-
tion taken to levy, appraise, assess, determine or enforce the collection of
any tax or penalty prescribed by articles nine or ten of said chapter [chapter
908. pp. 854–881, of the Laws of 1896, covering this question] and this act shall
be construed as having been in effect as of date of the original enactment of
the corporation and inheritance tax law, provided, however, that as to real
estate in the hands of bona fide purchasers, the transfer tax shall be pre-
sumed to be paid and cease to be a lien as against such purchasers after the
expiration of six years from the date of accrual. This act shall not affect any
action or proceeding now pending."

It cannot be doubted that the Legislature intended to make this
statute retroactive; that it intended to relieve proceedings under the
inheritance law from the bar of the statute, if such existed, except
that as to innocent purchasers of real estate, they were relieved from
the lien prescribed by the original acts after the expiration of six years.
This proviso is purely and simply for the benefit of innocent pur-
chasers, and can give no rights or exemptions to executors, adminis-
trators, trustees, or beneficiaries. It is insisted, however, that the bar
of the statute was complete before any of the proceedings here under
consideration had been instituted, and that there must be vested rights
which could not be disturbed. The respondents urge that it would
be unjust to reopen a 'matter which had been judicially determined
after the bar of the statute had run, and compel executors to make
good deficiencies, etc., but the answer to this is simple. Executors,
trustees, and administrators are presumed, like other people, to know
the law, and they have no right to permit the property on which the
state has a lien to pass out of their possession or control until that
lien has been discharged. The property comes into their possession
subject to this lien. It is made their duty to call the attention of the
public officials to the fact that they have the estate in their possession,
and that it is subject to the tax, and until this duty is discharged, and
the state has been paid this tax as the compensation which it exacts

for permitting the devolution of the estate, there is no one who can give a good title to the property, and this much of the law is known to the beneficiaries and to all persons interested, so that there can be no such thing as a vested interest in the estate, no matter how completely it may have been distributed. All of the property passes out of the hands of the executors or trustees subject to the lien, though in the case of innocent purchasers of real estate, the statute limits the enforcement to six years. As the recipients could not get a title freed from the lien, they could get no vested rights of property, independent of such lien, and the Legislature certainly has a right to say that there shall be no statute of limitations in respect to such cases, and to make the repeal relate back to the original act for the assessing of the tax, to the end that the state may get what is lawfully due, even in those cases in which the executors, administrators, or trustees have failed to discharge the duties prescribed by the law under which they have assumed to act.

The order appealed from should be reversed, and the prior order affirmed.

Order reversed and the prior order affirmed, with costs. All concur.