Meyer, J.
(dissenting). Viewed in relation to its wording and the setting in which enacted, the legislative mandate contained in the sixth sentence of section 49-bb of the Workers’ Compensation Law as amended by chapter 324 of the Laws of 1980 that, “An employee whose disablement and knowledge of disablement occurred prior to October first, nineteen hundred eighty shall have six months from such date to file a claim” can have no other meaning than that claims otherwise barred by limitations on October 1, 1980 were revived subject only to the further limitation that such a revived claim be presented on or before March 31, 1981. I, therefore, respectfully dissent.
Considered solely on the basis of the words used the sentence is unambiguous. The natural and obvious import of those words is that it covers all employees whose disablement and knowledge of disablement occurred at any time prior to October 1, 1980. Had the Legislature intended the construction now adopted by the majority, it could readily have added “and not otherwise barred by the limitations contained in sections twenty-eight and forty of this chapter” and, indeed, need only have looked to the second sentence of subdivision 2 of section 49-ee in order to find the appropriate language. The conclusion that the amendment does not clearly indicate that it shall be applied retroactively (majority opn, at p 154) is a strained reading of its language, inconsistent with the normal reading of “an employee” to embrace “any” employee who meets the description that follows. It would, of course, have been possible for the Legislature to have tacked on to the end of the sentence the phrase “even though his claim would otherwise be barred by the limitations contained in sections twenty-eight and forty of this chapter” and thus made indelibly clear its intention. We have not, however, normally required such redundancy in order to establish *157 what the language used, read as commonly understood, imports.
Nor can I agree with the majority’s conception (majority opn, at p 154) that the 1980 amendment fixed “limitations periods which would be defeated by the wholesale retroactive application of the section.” True, the 1980 amendment added to section 49-bb, as a new fifth sentence, preceding the new sixth sentence quoted in the first paragraph of this opinion, the provision that, “A claim for loss of hearing under this article shall not be barred by the failure of the employee or his dependents to file a claim within the two year period prescribed by section twenty-eight of this chapter, provided such claim shall be filed after such two year period within ninety days after knowledge that the loss of hearing is or was due to the nature of the employment.” That sentence, however, added no limitations period that was not already applicable by reason of the proviso in the second sentence of subdivision 2 of section 49-ee that “in no event shall any employer, including the last employer, be liable for the payment of any claim that would otherwise, and regardless of the date of disablement fixed herein, be barred by any of the limitations contained in sections twenty-eight and forty of this chapter.”[1]
That proviso, contained in an article devoted solely to occupational loss of hearing, by referring to “any of the limitations” contained in sections 28 and 40, made applicable to loss of hearing cases all of the limitations provisions of those sections. Section 28 contained two such provisions: one establishing two years after accident or death as a general period of limitations and the other covering disablement from specified causes, not including loss of hearing in the listing but nonetheless made applicable to loss of hearing by the subdivision 2 of section 49-ee proviso quoted above, that a claim “shall not be barred by the failure of the employee to file a claim within such period of two *158 years, provided such claim shall be filed after such period of two years and within ninety days after disablement and after knowledge that the disease is or was due to the nature of the employment.” Subdivision 1 of section 40 required as to an occupational disease that it be contracted within 12 months previous to the date of disablement, but that with respect to disablement resulting from the same list of causes set forth in section 28 (other than those resulting from radiation) the right to compensation “shall [not] * * * be barred by the failure * * * to file a claim within the two-year period prescribed by section twenty-eight, provided such claim shall be filed after such period of two years, within ninety days after disablement and after knowledge that the disease is or was due to the nature of the employment.” Subdivision 2 of section 40 removed radiation diseases from the 12 months contraction requirement but provided that the right to compensation would not “in such cases be barred by the failure * * * to file a claim within the two-year period prescribed by section twenty-eight, provided such claim shall be filed after such period of two years, within ninety days after disablement or death and after knowledge that the disablement or death was due to the nature of the employment.”
It is, thus, apparent that the fifth sentence added to section 49-bb in 1980 fixed no limitations period with respect to occupational loss of hearing that was not already applicable to such a claim, by reason of the incorporation in article 3-A, through subdivision 2 of section 49-ee of the limitations provisions of sections 28 and 40. Indeed the only difference between the proviso in the fifth sentence of section 49-bb and the provisos in sections 28 and 40 is that the former required filing within 90 days after knowledge alone whereas the latter two limited the time for filing to 90 days after disablement and knowledge. That distinction is, however, without a difference in light of the use in sections 28 and 40 of the conjunctive, and of the direction in subdivision 2 of section 49-ee that in no event should the employer be liable for a claim “that would otherwise, and regardless of the date of disablement fixed herein, be barred” under any of the limitation contained in sections 28 and 40. Under any of the three provisions, therefore, a *159 loss of hearing claim is not barred though filed more than two years after disablement if filed within 90 days after knowledge that loss of hearing is or was due to the nature of the employment.[2]
The only other change made by chapter 324 of the Laws of 1980 was to reduce the waiting period from six months to three months and make it run from removal from exposure to harmful noise rather than separation from work for the last employer in whose employment the employee was exposed to harmful noise. The date of disablement from which the two-year period ran was thus placed three months earlier than it had been under the pre-1980 law. That, however, affects only the applicability of the two-year period, not the 90 days after knowledge provision which applies only to a “claim * * * filed after such period of two years” but in no way limits how long after the two-year period a “knowledge” claim can be filed. The 90-day provision is thus an alternate to the two-year limitation, independent of it, and requiring only that, whenever disablement occurred in fact, the claim be made within 90 days after knowledge that loss of hearing was due to the nature of employment. Reduction of the waiting period by three months therefore necessitated no extension as to the knowledge provision, particularly since that provision had been part of the law for more than 20 years (cf. Parmenter v State of New York, 135 NY 154, 167; see Gilbert v Ackerman, 159 NY 118, 124) and since the bill which had been passed by both houses of the Legislature on June 12, 1980 and was signed into law on June 19,1980, was not effective until October 1, 1980, more than three months (and therefore more than 90 days) thereafter.
Notwithstanding that fact, the Legislature in amending section 49-bb directed that any employee “whose disablement and knowledge of disablement” (emphasis supplied) occurred prior to October 1, 1980 would have until March 31, 1981 to file a claim. Had it intended to protect only those whose two-year “disablement” period of limitations *160 would be affected by the 1980 amendment, it need only have said “whose disablement occurred prior to October 1, 1980 and who had not prior to that date had knowledge for more than ninety days that the loss of hearing is or was due to the nature of the employment shall have six months from such date to file a claim.” Having adopted the language that it did and thus gone beyond what the waiting provision reduction necessitated, the Legislature must be held to have intended what the clear import of the words it used conveyed — that a six-month grace period was granted to any employee whose disablement and knowledge of disablement occurred prior to October 1, 1980, no matter how long prior to that date. “[W]e must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose” (Matter of Smathers, 309 NY 487, 495; McKinney’s Cons Laws of NY, Book 1, Statutes, § 98, subd a, p 223). Moreover, the 1980 amendment having been enacted on the recommendation of the Workers’ Compensation Board, as the memoranda of the Board and of the sponsor contained in the Governor’s Bill Jacket show, the Board in construing and applying the statute was boiind to effectuate the purpose of the Legislature as thus declared (Matter of Mulligan v Murphy, 14 NY2d 223, 226; Matter of Hotel Assn. v Weaver, 3 NY2d 206, 211).
The conception of the majority (majority opn, at pp 154-155) and of the Appellate Division (95 AD2d 118, 119, n) that there are several hundred other claims and that retroactive application would, therefore, be unfair to employers is bottomed upon nothing more in the record that the statement of Bethlehem’s attorney to the Board panel who heard the appeal that “there are many many cases that involve this very issue that are awaiting decision in one step or another.” We have not normally accepted such argument as fact. Nor is there support in the record for the argument now made before us, though not to the Board panel, that employers may be prejudiced by not having preserved evidence for longer than 30 months after an employee’s date of retirement. The argument is, in any event, irrelevant in light of the alternative “90-day knowledge” limitation provision, in view of which records could *161 not under the prior law safely be destroyed after 30 months, or at any fixed time. The present situation is thus clearly distinguishable from that of Matter of Beary v City of Rye (44 NY2d 398, 413), on which the majority rely, and which emphasized the absence of prior reason to gather and preserve evidence.
As a further reason for the conclusion it reached, the Appellate Division suggested that to construe the amendment otherwise would put in doubt its constitutionality. But section 18 of article I of the State Constitution (“Nothing contained in this constitution shall be construed to limit the power of the legislature to enact laws * * * for the payment * * * of compensation for injuries to employees”) is a complete answer to that suggestion insofar as it rests on the State Constitution (Koutrakos v Long Is. Coll. Hosp., 39 NY2d 1026, affg on opn below 47 AD2d 500, 505-506; Matter of Schmidt v Wolf Contr. Co., 295 NY 748, affg without opn 269 App Div 201, 207; Barrencotto v Cocker Saw Co., 266 NY 139,143). No more of a problem is the due process clause of the Fourteenth Amendment to the Federal Constitution for it is now well settled that the Legislature may constitutionally revive a claim barred by limitations except when the effect of the lapse of time has been to invest the holder of property with title to it (Chase Securities Corp. v Donaldson, 325 US 304; Campbell v Holt, 115 US 620; Gallewski v Hentz & Co., 301 NY 164; Robinson v Robins Dry Dock & Repair Co., 238 NY 271, app dsmd 271 US 649; Barrett v Wojtowicz, 66 AD2d 604; Matter of Strang, 117 App Div 796; see Electrical Workers v Robbins & Myers, 429 US 229; House v Carr, 185 NY 453), or when a judgment, having become final and unalterable because there was no further right of appeal, conferred a vested right and thus constituted property of which the owner could not be deprived by the retroactive grant of a right of appeal (Matter of Chrysler Props, v Morris, 23 NY2d 515, 519). Unlike a judgment, however, the running of a Statute of Limitations creates no such vested or property right. To the contrary, although it bars a remedy on the claim so long as it remains effective, it does not destroy the right or foreclose a change in the legislative policy which resulted in imposition of the bar (Chase Securities Corp. v Donald *162 son, 325 US, at p 314; House v Carr, 185 NY 453, 458, supra; Hulbert v Clark, 128 NY 295, 297-298; Matter of Wood v Queen City Neon Sign Co., 282 App Div 106, 111, mot for lv to app den 306 NY 979).
Finally, Matter of McCann v Walsh Constr. Co. (306 NY 904); Robinson v Robins Dry Dock & Repair Co. (238 NY 271, supra) and Matter of Mlodozeniec v Worthington Corp. (9 AD2d 21, affd without opn 8 NY2d 918, cert den 364 US 628), all applied limitations provisions of the Compensation Law retroactively, and in Matter ofMcGoldrick v New York Post (20 AD2d 595), upon which Bethlehem relies as a contrary decision, the Appellate Division noted that the amendment there involved did not grant employees any extension of time for enforcement of their rights.
There being neither constitutional inhibition nor basis in the rules of construction for refusing to apply the 1980 amendment as did the Workers’ Compensation Board, the order of the Appellate Division should be reversed and the decision of the Board reinstated.
Judges Jones, Wachtler and Simons concur with Judge Kaye; Judge Meyer dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Jasen concur.
Order affirmed, with costs.

. That the sponsor’s memorandum referred to in the majority’s footnote 2 indicates that he was unaware that section 49-ee gave a right to file a claim within 90 days after knowledge of an occupationally related loss of hearing cannot change the fact that the Legislature had earlier so provided (see People v Graham, 55 NY2d 144, 151; People v Whidden, 51 NY2d 457, 462). Of interest in that connection is the fact that the memorandum of the Workers’ Compensation Board in the same Bill Jacket makes no reference to the 90-day provision. Nor, of course, can the Practice Commentary change what section 49-ee provided (see Matter of Lorie C., 49 NY2d 161, 169).

. By chapter 659 of the Laws of 1984, effective January 1,1985 but applicable only to disablement or death occurring on or after that date, section 40 is repealed and the 90-day period of section 28 is enlarged to two years and made to run from when “the claimant knew or should have known” that his disability was due to the nature of his employment.