MALLEIS *v.* EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—RECOVERY OF BENEFITS—GENERAL STATUTE OF LIMITATIONS.
    An action by the State to recover benefits under the employ- ment security act to which the recipient was not entitled would be governed by the general statute of limitations (CL 1948, § 421.62; § 609.13, as amended by PA 1951, No 21; §§ 609.27, 609.28).

2. SAME—BASIC FUNCTION OF COMMISSION.
    The basic function of the employment security commission is administrative (CL 1948, § 421.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3–6] See generally, 34 Am Jur, Limitations of Actions, § 395.
[7] 14 Am Jur, Costs § 106.

3. SAME—RECOVERY OF BENEFITS—GENERAL STATUTE OF LIMITATIONS —APPLICATION TO PROCEEDINGS OF COMMISSION.

The general statute of limitations is applicable, not only in the enforcement of the awards of the employment security commission, but also to prior proceedings of the commission such as the right of the commission to set off benefits paid to a recipient not entitled thereto against subsequent benefits to which the recipient may have become entitled (CL 1948, § 421.-62; § 609.13, as amended by PA 1951, No 21; §§.609.27, 609.28).

4. SAME—RECOVERY OF BENEFITS—GENERAL STATUTE OF LIMITATIONS —LEGISLATIVE INTENT.

The legislature would have to except the employment security commission from the operation of the general statute of limitations by specific language to that effect had it not intended to impose a time limit upon recovery of benefits to a recipient not entitled thereto, and, not having done so, the statute applies either when the State seeks recovery thereof or seeks to set such amount off against benefits to which the recipient has since become entitled (CL 1948, § 421.62; § 609.13, as amended by PA 1951, No 21; §§ 609.27, 609.28).

5. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—EXCLUDED ACTIONS.

The specific exclusion of certain actions from operation of the general statute of limitations precludes exclusion of other actions. not specifically excluded (CL 1948, § 609.13, as amended by PA 1951, No 21).

6. SAME—RECOVERY OF BENEFITS—SET-OFF—GENERAL STATUTE OF LIMITATIONS.

An individual who was not entitled to benefits paid her under the employment security act may resort to the general statute of limitations to prevent the commission from setting off the amount thereof against benefits to which she has subsequently become entitled, since the recipient has the ultimate right of appeal to the courts (CL 1948, § 421.62; § 609.13, as amended by PA 1951, No 21; §§ 609.27, 609.28).

7. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION—GENERAL STATUTE OF LIMITATIONS.

No costs are allowed in action to determine applicability of the general statute of limitations to proceedings under the employment security act, a public question being involved (CL 1948, § 421.62; § 609.13, as amended by PA 1951, No 21; §§ 609.27, 609.28).

Appeal from Wayne; Webster (Arthur), J. Submitted April 6, 1954. (Docket No. 17, Calendar No. 45,984.) Decided June 7, 1954.

Bernice Malleis filed claim for unemployment compensation. From current benefits Michigan Employment Security Commission ordered sums applied for restitution for money paid on old disallowed claim. On certiorari, order entered determining set-off barred by statute of limitations. Defendant appeals. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendant.

Bushnell, J. This is an appeal from an order of the circuit court, reversing a decision of the appeal board of the Michigan employment security commission, which decision granted the commission's claim of restitution against plaintiff Bernice Malleis. The matter is before us on a stipulated statement of facts. Only 1 question is involved, namely: Is the commission barred by the general statute of limitations from maintaining a claim for restitution, or from deducting an amount claimed to have been erroneously paid from the unemployment benefits presently due Bernice Malleis?

The applicable portion of the statute (CL 1948, § 609.13, as amended by PA 1951, No 21 [Stat Ann 1953 Cum Supp § 27.605]) reads in part:

"All actions in any of the courts of this State shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified."

Section 27 of the chapter on limitations of actions (CL 1948, § 609.27 [Stat Ann § 27.619]) provides:

"The provisions of this chapter shall not be deemed to bar a claim made by way of set-off, unless such claim for set-off was barred at the time plaintiff's cause of action accrued."

The next section reads:

"The limitations herein before prescribed for the commencement of actions, shall apply to the 'same actions when brought in the name of the people of this State, or in the name of any officer or otherwise, for the benefit of the State, in the same manner as to actions brought by individuals."  CL 1948, § 609.28 (Stat Ann § 27.620).

Appellants contend that the general statute has no application to the requirements of the Michigan employment security act in that no limit is imposed upon the time within which such deductions shall be made.  The employment security act in section 62 (CL 1948, § 421.62 [Stat Ann 1950 Rev § 17.566]) provides:

"(c) If any person obtains benefits and is not entitled to said benefits for any reason other than those stated in subsections (a) and (b) of this section, the commission shall deduct an amount equal to the sum so received from any future benefits that may be payable to him, or the commission may require him to pay to the commission a sum equal to the amount so received.  *  *  *

"(e) The commission shall take such action as may be necessary to recover all benefits improperly obtained or paid under this act and to enforce all forfeitures under the provisions of subsection (d) of this section."

The commission concedes that, if the State institutes an action for the recovery of benefits, such action would be governed by the general statute of

limitations. Here, the commission proceeded on the theory that, if suit had been brought in the first instance, the general statute could have been successfully pleaded, but where an appeal was taken by a claimant, the commission's right to restitution is not controlled by the general statute. Claimant here, however, was precluded from maintaining an action to recover employment benefits and was required to proceed through the various administrative steps as outlined in CL 1948, and CLS 1952, §§ 421.32–421.38 (Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp §§ 17.534–17.540). The commission here contends that its action in enforcing its rights to restitution of previous erroneous payments is not judicial but administrative in nature.

Although the basic function of the commission is administrative,* the court held in *Unemployment Compensation Commission* v. *Vivian,* 318 Mich 598, that in an action to recover delinquent contributions from an employer the time limitation imposed by the general statute is applicable.

Similarly, in the field of workmen's compensation, in *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich 220, we applied the general statute of limitations by analogy against claims by injured workmen, saying (p 223):

"While the general statute of limitations has no application in the instant case because the department of labor and industry is not a court and a proceeding before it is not an action, yet we can conceive of no reason why there should not be a limit of time within which a proceeding for compensation should be commenced. That limit of time must be a reasonable one, which by analogy to the statute of limitations will be deemed to be 6 years.

* See CL 1948, § 421.1 *et seq.,* as amended (Stat Ann 1950 Rev and Stat Ann 1953 Cum Supp § 17.501 *et seq.*).—Reporter.

*Cruse* v. *Chicago R. I. & P. R. Co.,* 138 Kan 117, (23 P2d 471)."

This same language was thereafter quoted with approval in *Ardelian* v. *Ford Motor Co.,* 272 Mich 117, 118. See, also, *Scalzo* v. *Family Creamery Co.,* 308 Mich 587.

The employment commission argues that the reasoning in the *Hajduk Case* is not applicable. If under the authority of the cited case awards of the commission can only be enforced by proceedings before a proper court, it would appear that the statute of limitations applicable in such cases is also applicable to prior proceedings of the employment commission.

The commission, in further support of its contention, argues that, if the legislature had intended to impose a time limit upon such recovery, it would have indicated this intention by requiring a deduction only from those benefits which may become payable within a certain time. By the same reasoning we are of the opinion that if the legislature had intended to exclude the recovery of improperly paid benefits from the general time limitation, it could have so provided, and could also have excepted the commission from the operation of the general statute.

In subsection 6 of section 13 of the general statute (CL 1948, § 609.13, as amended by PA 1951, No 21 [Stat Ann 1953 Cum Supp § 27.605]) the legislature specifically excluded certain actions by the State from the time limitations of this and any statute. Thus the maxim *"expressio unius est exclusio alterius"* also applies.

We therefore are in accord with the reasoning of the trial judge, who said:

"The legislature in the employment security act intended that plaintiff could have the right of an

ultimate appeal to the courts. If the commission resorted to the courts the limitation statute would apply. To say that plaintiff, after taking the only means she has of reaching the courts, cannot have the benefit of the limitation statute, seems to me incongruous. In my opinion, such was not the legislative intent."

The order reversing the decision of the appeal board of the Michigan employment security commission is affirmed. A public question involving statutory construction being presented, no costs will be allowed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.