*In re* PUBLIC SERVICE COMMISSION'S DETERMINATION REGARDING COIN-OPERATED TELEPHONES, DIRECT-INWARD DIALING, AND TOUCHTONE SERVICE, NO 2

Docket Nos. 158165, 160481. Submitted January 6, 1994, at Detroit. Decided March 22, 1994, at 9:40 A.M. Leave to appeal sought.

The Court of Appeals *held:*

1. The term "coin," in law, has the accepted meaning of pieces of metal of definite weight and value, stamped by the authority of the government, and distinguished from paper money, bills, notes, and other forms of government indebtedness or legal tender. Also, in another section of the Michigan Telecommunications Act, the Legislature referred to telephone calls "charged collect, cash, to a credit card, or a third-party number." MCL 484.2315(4); MSA 22.1469(315)(4). Accordingly, pay telephones that accept only credit cards are not coin-operated telephones.

2. The effect, if any, of the disallowance of regulation of credit-card telephones on the regulation of coin-operated telephones is to be determined on remand to the commission.

Reversed and remanded.

REFERENCES

Am Jur 2d, Telecommunications §§ 1, 28.

See ALR Index under Telecommunications.

TELECOMMUNICATIONS — COIN-OPERATED TELEPHONES — CREDIT-CARD
    TELEPHONES — MICHIGAN TELECOMMUNICATIONS ACT.
    Pay telephones that accept only credit cards are not coin-operated
    telephones for purposes of the Michigan Telecommunications
    Act (MCL 484.2207a; MSA 22.1469[207a]).

*Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Sidney M. Berman*), for AT&T Communications of Michigan, Inc.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Don L. Keskey* and *Tracy A. Sonneborn*, Assistant Attorneys General, for Public Service Commission.

*Honigman Miller Schwartz & Cohn* (by *James A. Ault*), and *Timothy A. Hoffman,* for Telephone Association of Michigan.

Before: CORRIGAN, P.J., and GRIBBS and G. E. MONTGOMERY,* JJ.

PER CURIAM. AT&T Communications of Michigan, Inc., in Docket No. 158165, claims an appeal from an October 2, 1992, opinion and order of the Public Service Commission, on rehearing of the commission's March 13, 1992, opinion and order, in relevant part holding that telephones that accept only credit cards should be included within the ambit of "coin operated telephones," which the commission decided to regulate. In Docket No. 160481, AT&T Communications of Michigan, Inc., claims an appeal from the commission's decision and order of December 22, 1992, denying in part and granting in part a petition for rehearing of a June 12, 1992, interim order to like effect. The briefs filed by AT&T Communications in the separate appeals are identical, and acknowledged to be

* Circuit judge, sitting on the Court of Appeals by assignment.

so. Separate appeals were taken merely to ensure appellant's right of review without procedural obstacles.

In these appeals, the issue is whether the commission exceeded its jurisdiction or erred in regulating coinless telephones, viz., those operated by credit cards, along with coin-operated telephones under § 207a of the Michigan Telecommunications Act, MCL 484.2207a; MSA 22.1469(207a). The commission elected to regulate coin-operated telephones, reasoning, in essence, that the majority of users of coin-operated telephones are persons with no other telephone service, and with respect to such users coin-operated service is tantamount to basic local service, which is closely regulated.

The commission reasoned that the general public draws no distinction between telephones operated with coins or credit cards when describing such services in the vernacular. Whether that assessment is correct, however, is irrelevant. The commission was asked to construe and apply §§ 207a and 401(2) of the Michigan Telecommunications Act, MCL 484.2101 *et seq.*; MSA 22.1469(101) *et seq.,* which are sections of a statute subject to the rules of statutory construction, not constitutional provisions adopted by the people for which public understanding might be a relevant consideration. *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728; 330 NW2d 346 (1982); *People v Nash,* 418 Mich 196; 341 NW2d 439 (1983).

There is no ambiguity in the term "coin operated telephone" appearing in § 207a. In law, "coin" has an accepted meaning—pieces of metal of definite weight and value, stamped by the authority of the government, and distinguished from currency (paper money), bills, notes, and other forms of government indebtedness or legal tender.

*Julliard v Greenman,* 110 US 421, 448-449; 4 S Ct 122; 28 L Ed 204 (1884). "Money" and "coin" are not synonymous; the former includes the latter, but is not confined to it. *Klauber v Biggerstaff,* 47 Wis 551; 3 NW 357, 359; 32 Am Rep 781 (1879).

All statutory words and phrases are to be construed and understood according to the common and approved usage of the language, but technical words and phrases, and those that have acquired a peculiar and appropriate meaning in the law, are to be construed and understood according to such peculiar and appropriate meaning. MCL 8.3a; MSA 2.212(1). Accordingly, the Legislature's use of the term "coin," which has a peculiar and specialized meaning in the law, must be so understood, especially in light of the additional principle of statutory construction that statutes granting power to an administrative agency are strictly construed. *Mason Co Civic Research Council v Mason Co,* 343 Mich 313, 326; 72 NW2d 292 (1955). Administrative authority must be affirmatively or plainly granted, because doubtful power does not exist. *Taylor v Michigan Public Utilities Comm,* 217 Mich 400, 402-403; 186 NW 485 (1922).

Such a limited construction is particularly appropriate in light of other provisions of the Michigan Telecommunications Act and legislative phraseology in prior enactments. In § 315(4) of the act, the Legislature spoke of telephone calls "charged collect, cash, to a credit card, or a third-party number." Thus, in the act itself, the Legislature has distinguished between cash telephones and credit-card telephones. It addressed only coin-operated telephones in § 207a, rather than "cash" telephones, which latter term would embrace those accepting both paper currency and coins, or "pay telephones," as it did in the 1986 Emergency Telephone Service Enabling Act, MCL 484.1101 *et*

*seq.*; MSA 22.1467(101) *et seq.,* which would suffice to encompass cash- and credit-card-operated telephones.

Nor does the commission's underlying rationale apply to credit-card-operated telephones. In suggesting that pay telephones constitute basic telephone service for the majority of users, the commission was obviously contemplating the poor and the homeless as those principally availing themselves of pay telephone services. Few in either category would likely have a credit card from a financial institution or from the telephone company, either of which is required to operate such telephones. Telephone company cards are provided only to customers with established telephone service accounts. Thus, whatever the validity of the commission's evaluation that coin-operated telephones should be regulated as an adjunct of basic service, that reasoning cannot properly be extended to telephones operated by other means of payment.

It is not for this Court, in the first instance, to determine how the effect of the decision to disallow regulation of credit-card-operated telephones under the commission's authority to regulate coin-operated telephones should affect the commission's decision that regulation of coin-operated telephones is essential to the public health, safety, or general welfare. That determination must be left to the commission. Const 1963, art 3, § 2.

Reversed and remanded for further proceedings consistent with this opinion.