VANDERLAAN v TRI-COUNTY COMMUNITY HOSPITAL

Docket No. 160058. Submitted December 14, 1994, at Grand Rapids. Decided March 20, 1995, at 9:00 A.M.

James Vanderlaan sought unemployment compensation benefits after Tri-County Community Hospital terminated his employment, which had been at will, and exercised its option under the employee handbook of paying four weeks' salary after termination in lieu of giving four weeks' notice of termination. The Michigan Employment Security Commission determined that Vanderlaan was entitled to benefits from the date of termination, concluding that the payment Vanderlaan received after termination was not remuneration that, under MCL 421.48(2); MSA 17.552(2), would disqualify him from unemployment benefits for four weeks after termination. An MESC hearing referee, the MESC Board of Review, and the Montcalm Circuit Court, James K. Nichols, J., affirmed the determination of the MESC. The hospital appealed.

The Court of Appeals held:

MCL 421.48(2); MSA 17.552(2) provides that amounts paid to an unemployment compensation claimant by the employer in lieu of notice shall be deemed remuneration. Contrary to the decisions reached below in this case, the statute does not require that there be a contractual right to notice or payment in lieu of notice in order for such payment to be deemed remuneration.

Reversed.

C. O. GRATHWOHL, J., dissenting, stated that there is competent, material, and substantial evidence on the whole record to affirm the decisions of the Board of Review and the circuit court.

UNEMPLOYMENT COMPENSATION — PAYMENTS IN LIEU OF NOTICES OF TERMINATION — REMUNERATION.

Amounts paid to an unemployment compensation claimant by an

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 191, 195.
Severance payments as affecting right to unemployment compensation. 93 ALR2d 1319.

employer in lieu of prior notice of termination, regardless of whether such payments are pursuant to contract, are deemed remuneration that serves to disqualify the claimant from unemployment compensation for the period for which such amounts are paid (MCL 421.48[2]; MSA 17.552[2]).

*Health Care Legal Group, P.C.* (by *Michael J. Baughman, Jr.*), for Tri-County Community Hospital.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Peter T. Kotula,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: MacKenzie, P.J., and J. W. Fitzgerald[*] and C. O. Grathwohl,[**] JJ.

J. W. Fitzgerald, J. Tri-County Community Hospital appeals as of right from the circuit court order affirming a Michigan Employment Security Commission decision in favor of its former employee, James Vanderlaan. We reverse.

Vanderlaan was terminated from his employment with the hospital on June 14, 1990. Although he was an at-will employee, the employee handbook provided that Vanderlaan, a department head, was to provide four weeks' notice before leaving employment. The manual also provided that if the hospital requested a termination, "Department heads may receive four weeks' salary instead of four weeks' notice." Following his termination, Vanderlaan continued to receive salary checks for the next six weeks, even though he was no longer working. The payments made during the first four weeks are at issue herein. The remaining

[*] Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

[**] Circuit judge, sitting on the Court of Appeals by assignment.

two weeks were paid as severance pay and are not in dispute.

At issue in this case is whether the payments made to Vanderlaan after June 14, 1990, were made in lieu of notice. If so, they are considered remuneration and Vanderlaan was not entitled to unemployment benefits for that period. MCL 421.48(2); MSA 17.552(2). If the payments were in the form of termination, separation, or severance pay, they are not remuneration and Vanderlaan was entitled to unemployment benefits from the date of termination. *Id.* For the reasons discussed below, we hold that Vanderlaan was not entitled to benefits for the period in question because the payments were made in lieu of notice.

The MESC originally granted Vanderlaan unemployment benefits from the date of termination. The hospital challenged this award, arguing that Vanderlaan had received remuneration for the four weeks following his termination, in the form of pay in lieu of notice, and was therefore not entitled to unemployment benefits during that period pursuant to § 48(2) of the Michigan Employment Security Act, MCL 421.48(2); MSA 17.552(2).

The MESC Board of Review found that the hospital was not contractually required to give notice or payment in lieu of notice. It concluded that the payments to Vanderlaan were therefore considered either severance pay or a bonus. The board reasoned:

> The operative language in the employer's policy . . . is that the department head "may" receive four weeks salary instead of four weeks notice. This does not indicate that claimant had an enforceable right to the four weeks notice. Rather, this language indicated that the payment the claimant received was at the discretion of the employer. The policy does not establish an enforce-

able right to four weeks salary or the six weeks that claimant actually received.

The circuit court affirmed the board's decision, finding that because Vanderlaan did not have an enforceable contractual right to notice or payment in lieu of notice, the four weeks' salary did not constitute payment in lieu of notice.

Section 48(2) of the Michigan Employment Security Act provides in relevant part:

> All amounts paid to a claimant by an employing unit . . . paid in the form of retroactive pay, or in lieu of notice, shall be deemed remuneration in determining whether an individual is employed under this section . . . . However, payments . . . in the form of termination, separation, severance, or dismissal allowances, and bonuses, shall not be deemed wages or remuneration within the meaning of this section. [MCL 421.48(2); MSA 17.552(2).]

The MESC argues on appeal that the standard enunciated by the board has been applied in prior agency decisions and is a proper interpretation of the statute. We disagree.

This Court will reverse a decision by the MESC Board of Review where it is either contrary to law or not supported by competent, material, and substantial evidence on the whole record. MCL 421.38(1); MSA 17.540(1); *Tomei v General Motors Corp*, 194 Mich App 180, 183-184; 486 NW2d 100 (1992). A longstanding, consistent administrative interpretation of a statute by those charged with its execution should be given deference, and ought not be overruled without cogent reasons. *Ludington Service Corp v Acting Comm'r of Ins*, 444 Mich 481, 491; 511 NW2d 661 (1994). However, an administrative agency's interpretation is not binding on the courts, and cannot overcome a statute's plain meaning. *Id.* at 503-504.

A review of prior MESC decisions indicates that the law applied was not based upon a longstanding, consistent administrative interpretation of "amounts paid in lieu of notice." Prior decisions indicate that it is not always necessary to prove a contractual right to notice of termination to show payment in lieu of notice; rather, it may also be found where the employer has a custom or policy of giving notice upon termination. See *Cook v Bronson Methodist Hosp*, MESC Referee Decision No. B90-04410, decided May 11, 1990; *Sullivan v Continental Associates Inc*, MESC Referee Decision No. B89-00284, decided March 24, 1989; *Schmidt v Bronson Hosp*, MESC Referee Decision No. B85-08556, decided November 13, 1985.

The Legislature has not defined the phrase "paid in lieu of notice," or any of the other operative terms in the statute. We accordingly apply the rules of statutory construction to interpret the meaning of the phrase. Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning; technical terms are to be accorded their peculiar meanings. MCL 8.3a; MSA 2.212(1); *In re PSC's Determination Regarding Coin-Operated Telephones, No 2*, 204 Mich App 350, 353; 514 NW2d 775 (1994). Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. *In re Marin*, 198 Mich App 560, 564; 499 NW2d 400 (1993). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

Our reading of the statute persuades us that the Board of Review improperly determined that an actual contractual right to notice or payment in lieu of notice was necessary to qualify as "amounts paid in lieu of notice." Such a requirement is simply not derived from either the statute or a reasonable interpretation of § 48(2). The plain and ordinary meaning of the phrase is clear; additional interpretation is neither necessary nor desirable. *Id.* However, while the presence of a contractual right to payment in lieu of notice is not a requirement, the board may consider the factor when deciding whether unemployment benefits are precluded under § 48(2). It may also consider other relevant factors such as the employer's custom or policy of giving notice and the employee's expectation of payment. Accordingly, the board's decision, which required a contractual right to notice or payment in lieu of notice in order for amounts paid to be considered "paid in lieu of notice" under the statute, is contrary to law.

In this case, the four weeks' salary received by Vanderlaan constituted payment in lieu of notice. Under the terms of its employee handbook, the hospital could either allow Vanderlaan to continue working for four additional weeks, or pay him four weeks' salary in lieu of notice. Following his termination, Vanderlaan was not required to continue working, but instead received four weeks' salary over the next two pay periods. The payment was made pursuant to the hospital's policy as set forth in the employee handbook. The additional salary was clearly a payment after the time of separation because the hospital did not desire Vanderlaan to continue working. Under § 48(2), therefore, Vanderlaan was paid remuneration during that period and was not entitled to unemployment benefits for

the four weeks in question. MCL 421.48(2); MSA 17.552(2).

The circuit court order affirming the MESC Board of Review's decision in favor of Vanderlaan is reversed.

MacKenzie, J., concurred.

C. O. Grathwohl, J. *(dissenting.)* I dissent. The issue is whether payments were made to the employee in lieu of notice or in the form of termination pay. It is important that the employer paid plaintiff's salary for six weeks following termination. The majority states: "The payments made during the first four weeks are at issue herein. The remaining two weeks were paid as severance pay and are not in dispute." *Ante,* pp 329-330. The employer did not designate the payment as the majority states. It is just as reasonable to believe the employer intended all payments to be termination pay. The majority reverses the decisions of the MESC referee and Board of Review and the Montcalm Circuit Court on the basis of statutory construction and ignores stare decisis.

There are prior decisions of the MESC Board of Review consistent with the employee's eligibility for unemployment benefits. *Jones v Gateway, Inc,* MESC Board of Review, Docket No. B82-18088, decided October 22, 1982, and *Woodruff v Keiper USA, Inc,* MESC Board of Review, Docket No. B80-21120, decided November 21, 1980. The majority misreads the MESC referee decision in *Cook v Bronson Methodist Hosp,* MESC Referee Decision No. B89-00284, decided March 24, 1989, because the referee upheld the employee's claim for benefits. In addition, the referee referred to the factor that considers payment governed by any contractual provision, custom, or expectation on the part of the employee, not the employer.

Appellate courts cannot substitute their own judgment for that of an administrative agency if there is substantial evidence that supports the judgment of the agency. See *Smith v Employment Security Comm,* 410 Mich 231, 256; 301 NW2d 285 (1981). What is "substantial" evidence? It is "evidence which a reasoning mind would accept as sufficient to support a conclusion. While it consists of more than a mere scintilla of evidence it may be substantially less than a preponderance of the evidence." *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 631; 326 NW2d 583 (1982). In my opinion, there is competent, material, and substantial evidence on the whole record to affirm the decisions of the Board of Review and the circuit court.