MICHIGAN EMPLOYMENT SECURITY COMMISSION v
WESTPHAL

MICHIGAN EMPLOYMENT SECURITY COMMISSION v BUSSELL

Docket Nos. 156990, 170094. Submitted August 1, 1995, at Detroit.
Decided November 14, 1995, at 9:05 A.M. Leave to appeal
sought.

The Michigan Employment Security Commission paid unemploy-
ment benefits to Larry A. Westphal and Steven G. Bussell but
later determined that the benefits were paid wrongfully. In
each instance, the commission issued determinations requiring
restitution from which Westphal and Bussell did not appeal.
The commission then brought an action in the St. Clair Circuit
Court against Westphal and in the Wayne Circuit Court
against Bussell, seeking to recover the wrongfully paid benefits.
The St. Clair Circuit Court, Ernest F. Oppliger, J., and the
Wayne Circuit Court, J. Phillip Jourdan, J., granted summary
disposition for the respective defendants, finding the actions
barred by the applicable statute of limitations. The plaintiff
appealed in both cases. The appeals were consolidated.

The Court of Appeals *held:*

1. The limitation period for the recovery of improperly paid
unemployment benefits is three years from the date of receipt
of the benefits unless one of the three exceptions stated in MCL
421.62(a); MSA 17.566(a) exists. It is undisputed that the third
exception, where a determination requiring restitution has
been issued by the commission within the three-year period,
applies to the facts in both cases. However, the qualifying
exceptions refer solely to the date of accrual and leave the
three-year limitation period intact.

2. Where the commission has issued a determination requir-
ing restitution within three years of the date of a claimant's
receipt of improperly paid benefits, the commission must file its
civil suit to recover those benefits within three years of the
date of the determination requiring restitution. The commis-

REFERENCES

Am Jur 2d, Unemployment Compensation §§ 196, 198.
Repayment of unemployment compensation benefits erroneously
paid. 90 ALR3d 987.

sion is not required to await a formal determination requiring restitution before bringing suit under MCL 421.62(a); MSA 17.566(a). Because the commission filed its claim in both cases more than three years after the date of the determination requiring restitution, the circuit courts did not err in granting summary disposition for the defendants.

Affirmed.

UNEMPLOYMENT COMPENSATION — IMPROPERLY PAID BENEFITS — ACTIONS — LIMITATION OF ACTIONS.

The Michigan Employment Security Commission has three years from the date of a claimant's receipt of improperly paid unemployment benefits to issue a determination requiring restitution of those benefits and three years from the date of the issuance of the determination to file a civil suit to recover those benefits; the commission is not required to await a formal determination requiring restitution before bringing its suit (MCL 421.62[a]; MSA 17.566[a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary Kress* and *Errol R. Dargin,* Assistant Attorneys General, for the Michigan Employment Security Commission.

*Thomas, Walke & Houle* (by *Antoine F. Houle*), for Larry Westphal.

UAW-Ford Legal Services Plan (by *Richard W. Barbary*), for Steve Bussell.

Before: MARKMAN, P.J., and WAHLS and F. M. MESTER,* JJ.

WAHLS, J. In these unemployment benefits cases, plaintiff appeals as of right the orders granting defendants' motions for summary disposition based on the statute of limitations. Because of the similarity of the issues, we have consolidated the two appeals for the purposes of this opinion. In both cases, we affirm the trial court's decision.

In both cases, defendants received unemploy-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment benefits that plaintiff later decided were paid wrongfully. In each case, plaintiff issued determinations requiring restitution from which defendants did not appeal. Plaintiff instituted these suits to recover the wrongfully paid benefits. In each case, the sole issue on appeal is whether the period of limitation had expired before the filing of these claims.

In the absence of disputed facts, the question whether a plaintiff's action is barred by a statute of limitations is a question of law, to be determined by the trial court. *Moll v Abbott Laboratories,* 444 Mich 1, 5-6; 506 NW2d 816 (1993). Issues of law are subject to review de novo on appeal. *Duggan v Clare Co Bd of Comm'rs,* 203 Mich App 573, 575; 513 NW2d 192 (1994).

Plaintiff brought these suits pursuant to MCL 421.62(a); MSA 17.566(a). It is not disputed that this statute unambiguously states that the limitation period for the recovery of improperly paid unemployment benefits is three years[1] from the date of receipt of the benefits unless one of three exceptions exists. MCL 421.62(a); MSA 17.566(a). It is also not disputed that enumerated exception number three applies to the facts in both of these cases because plaintiff made formal determinations requiring restitution within three years of defendants' receipt of benefits. *Id.* Thus, the question becomes whether the exception at issue here acts to change the length of the limitation period, the date of accrual of the claim, or both.

In construing a statute, courts are to give effect to legislative intent. *Gardner v Van Buren Public Schools,* 445 Mich 23, 44; 517 NW2d 1 (1994). The first criterion in determining intent is the specific

---

[1] The statute provides a six-year limitation period if there is a violation of one of several preceding sections. No party here claims that any such violation occurred.

language of the statute. *Vanderlaan v Tri-Co Community Hosp,* 209 Mich App 328, 333; 530 NW2d 186 (1995). If the plain and ordinary meaning of statutory language is clear, judicial construction is normally neither necessary nor permitted. *Id.* If statutory language is ambiguous, or where reasonable minds may differ, a reasonable construction must be given in light of the purpose of the statute. *Witherspoon v Guilford,* 203 Mich App 240, 247; 511 NW2d 720 (1994).

MCL 421.62(a); MSA 17.566(a) provides, in relevant part:

> The commission shall not recover improperly paid benefits from an individual more than 3 years . . . after the date of receipt of the improperly paid benefits unless: (1) a civil action is filed in a court by the commission within the 3-year . . . period, (2) the individual has made an intentional false statement, misrepresentation, or concealment of material information to obtain the benefits, or (3) a determination requiring restitution has been issued by the commission within the 3-year . . . period.

It is a common grammatical rule of construction that qualifying words and phrases in a statute refer solely to the last antecedent unless a contrary intention appears. *Weems v Chrysler Corp,* 448 Mich 679, 700; 533 NW2d 287 (1995); see *People v Pigula,* 202 Mich App 87, 90; 507 NW2d 810 (1993). It is presumed that the Legislature is aware of the rules of statutory construction and has drafted its enactments accordingly. *Smeester v Pub-N-Grub, Inc (On Remand),* 208 Mich App 308, 312; 527 NW2d 5 (1995).

Here, the last antecedent before the three qualifying exceptions is the date of accrual. MCL 421.62(a); MSA 17.566(a). Accordingly, the qualify-

ing exceptions refer solely to the date of accrual and leave the three-year limitation period intact. *Weems, supra,* p 700. We hold that where the plaintiff has issued a determination requiring restitution within three years of the date of a claimant's receipt of improperly paid benefits, the plaintiff must file its civil suit to recover those benefits within three years of the date of the determination requiring restitution. MCL 421.62(a); MSA 17.566(a).

Plaintiff argues that the holding of *Malleis v Employment Security Comm,* 340 Mich 78; 64 NW2d 663 (1954), requires a six-year period of limitation. However, *Malleis* was decided under statutory language that did not state any limitation period. Accordingly, the Supreme Court applied the limitation period that generally applies to personal actions. *Id.,* p 83.

Here, because there is a stated limitation period, *Malleis* is distinguishable. Indeed, the statute in question has been amended since the time that *Malleis* was decided to state both a limitation period and a date of accrual. When two statutes cover the same general subject matter, the more specific statute must prevail over the more general one. *Bauer v Dep't of Treasury,* 203 Mich App 97, 100; 512 NW2d 42 (1993). It would be contrary to both the legislative intent and the judicial rules of construction to use a limitation period found in the statute that generally applies to personal actions when there is a limitation period stated in the more specific statute applying to plaintiff's claims for reimbursement of improperly paid benefits.

Our construction of this statute is consistent with the purposes of limitation periods, which are to provide plaintiffs with reasonable opportunities to bring suit, to provide defendants with fair op-

portunities to defend against them, to prevent the overburdening of the court system with stale claims, and to protect potential defendants from prolonged fear of litigation. *Turner v Mercy Hosps & Health Services of Detroit,* 210 Mich App 345, 349-350; 533 NW2d 365 (1995). Plaintiff's interpretation would allow plaintiff to wait up to nine years before bringing suit to recover improperly paid benefits. We have found no indication that the Legislature had such an intention in enacting MCL 421.62(a); MSA 17.566(a).

Plaintiff also argues that, because of plaintiff's appellate procedures, a claim of this kind may not ripen within three years of the date of a determination requiring restitution. However, there are three separate exceptions listed under the statute. MCL 421.62(a); MSA 17.566(a). Only one of these exceptions involves the issuance of a determination requiring restitution. *Id.* The first exception authorizes the filing of a civil action, and is connected to the other two exceptions in the alternative. *Id.* Thus, the plaintiff is not required to await a formal determination requiring restitution before filing suit under this statute. If we were to accept plaintiff's construction of the statute, there would be no need for the first exception. Courts will avoid a construction of a statute that would render the statute or any part of it surplusage or nugatory. *NBD Bank, NA v Timberjack, Inc,* 208 Mich App 153, 158; 527 NW2d 50 (1994).

Applying the law to the facts of these cases, the period of limitation expired before the filing of these claims. In Docket No. 156990, defendant Westphal received unemployment benefits from plaintiff from October 27, 1984, through April 27, 1985. On January 29, 1986, plaintiff issued two determinations that these benefits were improperly paid. Westphal did not appeal these determi-

nations. Plaintiff filed its complaint for restitution on May 9, 1991. Because plaintiff filed this claim more than three years after the date of the determinations requiring restitution, the circuit court did not err in granting Westphal's motion for summary disposition. We note that Westphal advocated a different interpretation of the statute both below and upon appeal. The trial court adopted this interpretation in granting Westphal's motion for summary disposition. Nevertheless, this Court will not reverse a trial court's decision if the right result is reached for the wrong reason. *In re Powers,* 208 Mich App 582, 591; 528 NW2d 799 (1995).

In Docket No. 170094, defendant Bussell received unemployment benefits from plaintiff from March 12, 1988, through May 14, 1988. On October 4, 1988, plaintiff issued a determination that these benefits were improperly paid. Bussell did not appeal the determination. Plaintiff filed its complaint for restitution on February 19, 1993. Because plaintiff filed this claim more than three years after the date of the determination requiring restitution, the circuit court did not err in granting Bussell's motion for summary disposition.

Affirmed.