SCHOOL DISTRICT FOR THE CITY OF ADRIAN v MICHIGAN PUBLIC
SCHOOL EMPLOYEES' RETIREMENT SYSTEM

Docket No. 178195. Submitted May 21, 1996, at Lansing. Decided October
15, 1996, at 9:00 A.M. Leave to appeal sought.

The School District for the City of Adrian and other public school dis-
tricts petitioned the Ingham Circuit Court for review pursuant to
the Administrative Procedures Act of a declaratory ruling of the
Michigan Public School Employees' Board that public school
employers must pay contributions to the Michigan Public School
Employees' Retirement System for members receiving worker's
compensation benefits for injuries received in the course of public
school employment and that those members are entitled to accrue
retirement benefits and to receive service credit while receiving
such worker's compensation benefits. The court, Carolyn Stell, J.,
affirmed the order of the board. The petitioners appealed by leave
granted.

The Court of Appeals *held*:

1. Before its amendment by 1996 PA 268, § 4(1) of the Public
School Employees Retirement Act, MCL 38.1304(1); MSA
15.893(114)(1), provided that the term "compensation" for the pur-
pose of the act meant remuneration earned by a member for ser-
vice performed for a public school employer, specifically including
sick leave pay while absent from work, but contained no specific
indication that such sick leave pay included worker's disability
compensation benefits. However, the act contained two provisions
in which worker's compensation benefits are to be used in the
computation of a member's service credits: § 87, MCL 38.1387; MSA
15.893(197), which provides for service credit for worker's compen-
sation benefits of a member who is totally and permanently dis-
abled and thereafter recovers and returns to work, and § 90, MCL
38.1390; MSA 15.893(200), which provides that if a member dies
from a work-related injury for which the member received worker's
compensation benefits, the surviving spouse is entitled to a retire-
ment allowance that is computed as if the member had retired on
the date preceding the member's death.

2. Because the Legislature included the two specific instances in
which worker's compensation benefits were to be used to compute

retirement service credits, it would be inappropriate to infer that the Legislature intended to give every member retirement service credit for worker's compensation benefits under other circumstances, because such an inference would render the specific provisions nugatory. Indeed, the fact that § 3a(2)(f) of 1996 PA 268, MCL 38.1303a(2)(f); MSA 15.893(113a)(2)(f), redefined the term "compensation" formerly found in § 4(1) to include within the definition of "sick leave" weekly worker's disability compensation benefits for personal injuries incurred in the course of employment with a public school employer evidences a clear legislative intent that worker's compensation benefits were not intended to be included within the definition of sick leave before the 1996 amendment. Accordingly, both the retirement board and the circuit court erred in determining that retirement system members were entitled to accrue retirement benefits and to receive service credit for worker's compensation benefits received before June 12, 1996, the date that 1996 PA 268 took effect.

3. A declaratory ruling by a state board is not a rule for the purpose of the rule-making requirements of the Administrative Procedures Act.

Affirmed in part, reversed in part, and remanded.

1. SCHOOLS — PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM — WORKER'S DISABILITY COMPENSATION BENEFITS — SERVICE CREDITS.

Members of the Michigan Public School Employees' Retirement System are not entitled to accrue ordinary retirement benefits and to receive ordinary service credit for worker's disability compensation benefits received before June 12, 1996 (MCL 38.1304[1]; MSA 15.893[114][1], before its amendment by 1996 PA 268).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DECLARATORY RULINGS — RULES.

A declaratory ruling by a state board is not a rule for the purpose of the rule-making requirements of the Administrative Procedures Act (MCL 24.207[i]; MSA 3.560[107][i]).

*Thrun, Maatsch and Nordberg, P.C.* (by *Donald J. Bonato* and *Philip A. Erickson*), for the petitioners.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General, for the respondents.

Amicus Curiae:

*White, Przybylowicz, Schneider & Baird, P.C.* (by *Karen Bush Schneider*), for Michigan Education Association.

Before: MARKEY, P.J., and MCDONALD and M. J. TAL-BOT,* JJ.

PER CURIAM. Petitioners, public school districts, appeal by leave granted from the circuit court's order affirming respondent Michigan Public School Employees' Retirement Board's declaratory ruling that public school employers must pay contributions to defendant Michigan Public School Employees' Retirement System (MPSERS) for members who are receiving worker's compensation benefits and that those members are entitled to accrue retirement benefits and obtain service credit while receiving worker's compensation benefits. With respect to contributions due and owing before June 12, 1996, we reverse and remand this case to the circuit court for further proceedings. See 1996 PA 268, amending, in part, what was formerly MCL 38.1304(1); MSA 15.893(114)(1).

Petitioners first assert on appeal that respondent board erred in interpreting the Public School Employees Retirement Act, as amended, MCL 38.1301 *et seq.*; MSA 15.893(111) *et seq.*, in a manner that permits worker's compensation benefits to be considered as compensation pursuant to the act. We agree.

In reviewing an administrative agency's rulings, we will set those rulings aside only if they violate the constitution or a statute or are affected by substantial and material errors of law. MCL 24.306(1)(a) and (f); MSA 3.560(206)(1)(a) and (f); *Barker Bros Construc-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*tion v Bureau of Safety & Regulation*, 212 Mich App 132, 136; 536 NW2d 845 (1995). "Longstanding and invariant administrative agency interpretations of a statute that the agency is empowered to administer are entitled to great deference by the courts, absent a contrary logical reading of the statute." *Id.* An administrative interpretation of a statute is not conclusive, however, and cannot overcome a logical reading of the statute. *Majurin v Dep't of Social Services*, 164 Mich App 701, 704; 417 NW2d 578 (1987).

In the case at bar, we believe that the clear and unambiguous language of the retirement act before June 12, 1996, did not provide that MPSERS members receiving worker's compensation benefits were entitled to retirement service credit. Section 4(1) of the retirement act before its amendment by 1996 PA 268, formerly MCL 38.1304(1); MSA 15.893(114)(1), defined compensation as follows:

> "Compensation" means the remuneration earned by a member for service performed as a public school employee. If part of a member's remuneration is not paid in money, the retirement board shall fix the value of that part of the remuneration not paid in money. Compensation includes, on a current basis, investments made in a tax sheltered annuity for a public school employee as remuneration for service under this act. The remuneration shall be valued at the amount of money actually paid into the annuity. Compensation includes all amounts deducted from the pay of a public school employee, including amounts deducted pursuant to the member investment plan. Compensation includes longevity pay, overtime pay, vacation pay, and holiday pay while absent from work, *sick leave pay while absent from work*, and items of deferred compensation, exclusive of employer contributions to the retirement system. Compensation does not include terminal payments for unused sick leave, annual leave, bonus payments, hospitalization insur-

ance and life insurance premiums, other fringe benefits paid
by and from the funds of employers of public school
employees, and remuneration paid for the specific purpose
of increasing the final average compensation. [Emphasis
added.]

According to petitioners, compensation was defined
as remuneration for services performed, so the period
that a member was receiving worker's compensation
benefits had to be considered as time when services
were performed and that a member was entitled to
service credit while receiving this form of remunera-
tion. We disagree.

First, MCL 38.1387; MSA 15.893(197) provides that
a member who becomes totally and permanently dis-
abled from a *work-related injury* may receive service
credit for the time that the member is injured and
receives worker's compensation benefits *if the mem-
ber recovers and returns to work*. Second, MCL
38.1390; MSA 15.893(200) provides that if a member
dies from a work-related injury for which the member
receives worker's compensation benefits, the surviv-
ing spouse is entitled to a retirement allowance that
is computed as if the deceased member had retired
on the date preceding the member's death. Both of
these provisions within the retirement act expressly
provide for service credit when a member is not
working for a public school because of a work-related
injury, is receiving worker's compensation benefits,
and either (a) has been permanently injured and is
later able to return to work or (b) dies as a result of
injury or illness arising out of and in the course of the
member's service. If the Legislature had intended to
give all members service credit for all the times a
member received worker's compensation benefits,

then these specific exceptions would be rendered nugatory. *Michigan Employment Security Comm v Westphal*, 214 Mich App 261, 263-264; 542 NW2d 360 (1995). Indeed, because Michigan recognizes the principle of *expressio unius est exclusio alterius* (express mention in a statute of one thing implies the exclusion of other similar things), we find that service credit should not have been available for members who failed to qualify for such credit under these two specific statutory provisions. See *Jennings v Southwood*, 446 Mich 125, 142; 521 NW2d 230 (1994); *Stowers v Wolodzko*, 386 Mich 119, 133; 191 NW2d 355 (1971).

We reach this decision by keeping in mind the fundamental rule of statutory construction: to ascertain the purpose and intent of the Legislature in enacting a statute. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993); *In re Schnell*, 214 Mich App 304, 309; 543 NW2d 11 (1995). Contrary to respondents' assertions, we cannot speculate concerning the Legislature's probable intention unless that intention is expressed in the words of the statute. Here, although the term "sick leave pay while absent from work" could, when reviewed in a vacuum, equate with worker's disability compensation, we find no evidence that the Legislature intended this interpretation *before expressly so stating as of June 12, 1996*. As always, we will not engage in judicial construction of a statute where reasonable minds cannot differ with respect to the meaning of the statute or where the plain and ordinary meaning of the statutory language is clear. *Westphal, supra*. Even assuming, arguendo, that we must apply a reasonable

construction of the statute in light of the purpose of the statute, we would reach the same conclusion. *Id.*

Indeed, in *Beneteau v Detroit Free Press*, 117 Mich App 253, 259-261; 323 NW2d 498 (1982), this Court recognized a distinction between sick pay, which is a form of compensation from an employer to an employee, and worker's compensation benefits, which are statutorily mandated benefits paid to employees injured on the job. This Court refused to permit the employer to offset sick pay against worker's compensation payments due to the plaintiff upon finding that the sick leave benefits were unrelated to worker's compensation benefits. Accordingly, we do not accept respondents' assertions that sick leave pay and worker's compensation benefits are synonymous for purposes of the retirement act. As often happens, we have been asked in this case to interpret creatively the clear language of a statute, but we must decline respondents' invitation to do so. The result here is required by the statute, and respondents' arguments are best addressed to the Legislature. See *Miller v Riverwood Recreation Center, Inc*, 215 Mich App 561; 546 NW2d 684 (1996).

In fact, our conclusion is further buttressed by the Legislature's recent addressing of this precise issue by the passage of 1996 PA 268, which became effective on June 12, 1996. Section 3a(2)(f) of 1996 PA 268, MCL 38.1303a(2)(f); MSA 15.893(113a)(2)(f), redefines the term "compensation" that was formerly found in MCL 38.1304(1); MSA 15.893(114)(1) to specifically *include* within the definition of "sick leave" weekly worker's disability compensation payments, as follows:

Compensation includes salary and wages and all of the
following:

\*          \*          \*

(f) Pay for vacation, holiday, and sick leave while absent
from work. *As used in this subdivision, "sick leave"
includes weekly worker's disability compensation pay-
ments received for personal injury in the employ of and
while employed by a reporting unit.* [Emphasis added.]

Accordingly, in light of the plain and ordinary lan-
guage of what is now MCL 38.1303a; MSA
15.893(113a), the Legislature intends that MPSERS
members will earn service credit while receiving
worker's compensation benefits and that public
school districts must pay contributions to the MPSERS
for members who receive worker's compensation
benefits *on or after June 12, 1996.* See *Westphal,
supra.*

We believe that the 1996 amendment of MCL
38.1304(1); MSA 15.893(114)(1) has, in effect, proved
petitioners' case in this appeal. Petitioners had no
statutory duty to contribute to the MPSERS for teachers
receiving worker's compensation benefits before June
12, 1996. Other school districts may have voluntarily
treated worker's compensation benefits as compensa-
tion in the past, even though the statute was silent in
this respect. Nevertheless, petitioners challenged
respondents' desire to seek similar compliance from
them in the absence of statutory support, and we find
that their challenge has merit. Absent evidence of a
prior legislative intent to treat worker's compensation
benefits as "sick leave" and "compensation" under the
statute, petitioners did not err in refusing to make
contributions into the MPSERS retirement fund regard-
ing teachers who were receiving worker's compensa-

tion benefits. Moreover, given the lack of any language regarding any retroactive effect of 1996 PA 268 and the effect that this statutory amendment will have on MPSERS members' substantive rights, we believe that 1996 PA 268 must be given prospective application only. *Ramsey v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 210 Mich App 267, 269-270; 533 NW2d 4 (1995). Accordingly, 1996 PA 268 does not alter our conclusion here, but its existence does change petitioners' obligations to the MPSERS as of June 12, 1996.

Petitioners also assert that respondent board did not comply with the rule-making requirements of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*, when it adopted the new policies supporting respondent board's declaratory ruling. We disagree. The declaratory ruling and policies adopted by respondent board were not "rules" as defined by the APA. Specifically, MCL 24.207(i) and (j); MSA 3.560(207)(i) and (j) expressly exclude from the definition of the term "rule" both declaratory rulings and decisions "by an agency to exercise or not to exercise a permissive statutory power, although private rights or interests are affected." Thus, we find no error.

Accordingly, we reverse the circuit court's order affirming respondent board's determination that member employees should receive service credit toward their retirement while those employees were recuperating from work-related injuries and that petitioners, as the members' employers, must make the appropriate contributions based on the amount of worker's compensation benefits that the MPSERS had recognized as reportable compensation. We effectively affirm

respondent board's findings, however, with respect to worker's compensation payments made to MPSERS members on or after June 12, 1996, pursuant to 1996 PA 268. We remand this case to the circuit court for entry of an order and further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed in part, affirmed in part, and remanded.