# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 29, 2012

144360

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

_____

CITY OF ROOSEVELT PARK,
        Plaintiff-Appellant,

v

MUNICIPAL EMPLOYEES' RETIREMENT
SYSTEM OF MICHIGAN,
        Defendant-Appellee.

SC:  144360
COA:  302674
Muskegon CC:  10-047282-AA

_____/

On order of the Court, the application for leave to appeal the November 21, 2011 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in the majority's order denying leave to appeal.  I write separately only to note that I find *Malleis v Employment Security Comm*, 340 Mich 78 (1954), which plaintiff relies on heavily, to be of questionable value.  Indeed, *Hajduk v Revere Copper & Brass*, *Inc*, 268 Mich 220 (1934), an opinion that *Malleis* quoted with approval, was expressly overruled by *Autio v Proksch Constr Co*, 377 Mich 517, 526, 535 (1966) (describing *Hajduk* as a "blatantly erroneous interpretive decision").  *Malleis* judicially created a six-year limitations period where the Legislature had created none.  More recently, this Court has consistently applied statutes as they are written and has declined to add statutory-like provisions when the Legislature has not created such provisions.  As this Court has explained, "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself."  *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63, 66 (2002) (declining to add a requirement to object to any deficiencies in a notice of intent before the complaint is filed in a medical malpractice action because "[i]n the absence of such a statutory requirement, we do not have the authority to create and impose an extrastatutory affirmative duty on the defendant"); see also *People v Wager*, 460 Mich 118, 121 (1999) (declining to add a

requirement to conduct a blood alcohol test within a "reasonable time" because "[n]owhere does the [pertinent statute] impose a requirement concerning the interval of time in which the test must be given"). Therefore, I question the continuing validity of *Malleis*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 29, 2012

_____
Clerk

h0626